## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIAM F. KAETZ,** | : | **No. 3:05cv1546** |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | |
| **CHASE MANHATTAN BANK, USA,** | : | |
| **CHASE HOME FINANCE LLC.,** | : | |
| **Defendants** | : | |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Presently before the Court for disposition is Defendants Chase Manhattan Bank, USA and Chase Home Finance LLC's Joint Motion to Dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and 12(b)(7).  This matter has been fully briefed and is ripe for disposition.  For the following reasons, we will dismiss this case.

### I.    Background[1]

Kaetz obtained a home equity line of credit from Chase Home Finance.  On September 17, 2004, he wrote a $ 3,000 check from this line of credit to his business's account with First National Bank of Palmerton ("First National").  On October 29, 2004, Chase wrote him a letter explaining it did not pay the check to First National because his line of credit lacked sufficient funds.  On November 22, 2004, Chase wrote another letter stating that the funds were paid out and debited from his account on September 22, 2004.  First National, however, did not credit this amount to his business's account.  After the dispute

---

[1] The following background facts are derived from the Amended Complaint.

over this check, Chase Manhattan Bank USA raised his interests rates on a separate credit

card account in retaliation.

On June 30, 2005, Kaetz requested that Chase validate his debts, but Chase never

complied.  After failing to validate the debt, Chase continued to contact Kaetz, threaten suit,

and report the disputed debts to credit reporting agencies.  In addition, after Kaetz filed this

suit, Chase continued to threaten to collect a debt to influence his testimony in this case.

Kaetz alleges that Chase's actions violated the Racketeering Influenced and Corrupt

Organizations Act  ("RICO"), 18 U.S.C. §1962(c), the Fair Debt Collection Practices Act, 15

U.S.C. §§ 1692-1692o ("FDCPA"), and the Fair Credit Reporting Act, 15 U.S.C. § 1681–

1681x ("FCRA").

## II.     Jurisdiction

Since a federal question is before the Court for constitutional violations pursuant to

the FDCPA, RICO, and the FCRA, this court has jurisdiction over this dispute pursuant to 28

U.S.C. § 1331.

## III.     Standard

When a 12(b)(6) motion is filed, the sufficiency of a complaint's allegations are

tested.  The issue is whether the facts alleged in the complaint, if true, support a claim upon

which relief can be granted.  In deciding a 12(b)(6) motion, the court must accept as true all

factual allegations in the complaint and give the pleader the benefit of all reasonable

inferences that can fairly be drawn therefrom, and view them in the light most favorable to

the plaintiff.  Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).

"A court should not dismiss a complaint under Rule 12(b)(6) for failure to state a claim for

relief 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of

his claims which would entitle him to relief.'"  Pryor v. National Collegiate Athletic Ass'n,

288 F.3d 548, 559 (3d Cir. 2002) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

### IV.    Discussion

Chase argues that Kaetz failed to state a RICO, FDCPA, or FCRA claim.  We will

address each issue separately.  For the following reasons, we find that the Amended

Complaint fails to state any claim upon which relief may be granted, and we will dismiss the

case.

### A.    FDCPA

Chase argues that Kaetz failed to state an FDCPA claim because he did not allege that

Chase was a debt collector within the meaning of that statute.  The FDCPA proscribes certain

activity of 'debt collectors.'  Heintz v. Jenkins, 514 U.S. 291, 292-92 (1995).  Kaetz alleges

that Chase violated 15 U.S.C. § 1962g, which applies to 'debt collectors,' not creditors.   A

debt collector is defined as:

> any person who uses any instrumentality of interstate commerce or the mails in
> any business the principal purpose of which is the collection of debts, or who
> regularly collects or attempts to collect, directly or indirectly, debts owed or
> due or asserted to be owed or due another.

15 U.S.C. § 1692a(6) (emphasis added).

At no point does Kaetz allege that Chase's principal purpose was the collection of

debts or that Chase regularly attempted to collect debts owed another.  Rather, Kaetz alleges that Chase attempted to collect its own debt.   It is well settled that creditors collecting their own debts are beyond purview of the FDCPA.  "Creditors who collect in their own name and whose principle business is not debt collection . . . are not subject to the Act . . . Because creditors are generally presumed to restrain their abusive collection practices out of a desire to protect their corporate goodwill, their debt collection activities are not subject to the Act unless they collect under a name other than their own."  Pollice v. National Tax Funding, L.P., 225 F.3d 379, 403 (3d Cir. 2000) (quoting Aubert v. American Gen. Fin. Inc., 137 F.3d 976, 978 (7th Cir. 1998)).  "The [FDCPA] does not apply to persons or business collecting debts on their own behalf."  Id. (quoting Staub v. Harris, 626 F.2d 275, 277 (3d Cir. 1980)). The Amended Complaint alleges that Chase attempted to collect a debt owed to it.  Thus, the FDCPA does not apply.

**B.    RICO**

To successfully allege a RICO claim pursuant to 18 U.S.C. § 1962(c), a plaintiff must plead the defendants participated in the: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity."  Sedima S.P.R.L. v. Imrex Co., 473 U.S. 479, 496 (1985).  The fourth prong, "racketeering activity," is defined by predicate acts enumerated in 18 U.S.C. § 1961(1).

We find that Kaetz failed to plead sufficient facts to establish that Chase participated

4

in the conduct of the affairs of an enterprise.[2]   Kaetz's Amended Complaint identifies the

Federal Reserve System as the enterprise for the purposes of his RICO complaint.  He states

that it is an association-in-fact of which Chase is a member.   This is insufficient.

To state a claim, a plaintiff must allege the defendants "engaged in the conduct of an

enterprise." Gasoline Sales v. Aero Oil Company, 39 F.3d 70, 72 (3d Cir. 1994) (quoting 18

U.S.C. § 1962(c)).  A person participates in the conduct of an enterprise when it participates

in the "operation or management of the enterprise itself." Reeves v. Ernst & Young, 507

U.S. 170, 179 (1993).   "[S]ome part in directing the enterprise's affairs is required." Id.

Plaintiff has not pleaded facts sufficient to establish that Chase participated in the operation

or management of the Federal Reserve System or had some part in directing its affairs.  He

simply alleges that the enterprise is the Federal Reserve System and Chase was a member.

Therefore, we will dismiss his RICO claims.

**C.     Fair Credit Reporting Act**

Although Kaetz does not specifically outline an FCRA claim or cite to a specific

provision of the statute that Chase allegedly violated, he references the statute twice in his

Amended Complaint.  (Amend. Compl. ¶ 6-8).  Each time, he alleges that Chase violated the

FCRA by reporting his debts after he sent it letters disputing the debts's validity.

The FCRA provides a duty for those furnishing information to credit agencies to

provide accurate information.  15 U.S.C. § 1681(s)-2(a).  This duty, however, is enforced

---

[2] We need not reach Chase's remaining RICO arguments because we find this issue
dispositive.

exclusively by federal and state agencies and does not provide a private cause of action.  15

U.S.C. § 1681(s)-2(d).  Furthermore, although a furnisher of information has a duty to

investigate its accuracy, it has no duty to perform this investigation unless a credit agency,

not a consumer, reports that the accuracy of the information is disputed.  15 U.S.C. §

1681(s)-2(b);  Jaramillo v. Experian Information Solutions, Inc., 155 F. Supp. 2d 356, 363;

(holding that furnisher of information has no duty under FCRA to investigate information's

accuracy until credit agency, not consumer, reports that accuracy is disputed); Millet v. Ford

Motor Credit Co., CIV.A.No. 04-2450, 2006 WL 1301160, at *3 (D. Kan. May 9, 2006)

(listing cases that reached this conclusion).[3]  Kaetz does not allege that he disputed the

accuracy of his debts to a credit agency, or that the credit agency thereafter reported the

dispute to Chase.  Therefore, Kaetz failed to state a claim under the FCRA and we will

dismiss these claims.

##     V.     Conclusion

We find that Kaetz failed to state a claim under the FDCPA, RICO, or the FCRA.

Therefore, we will dismiss his Amended Complaint with prejudice.  We dismiss with

prejudice because we find that any amendment would be in bad faith and would be futile, see

Alston v. Parker, 363 F.3d 229, 236 (3d Cir. 2004), because he already had the opportunity to

amend his pleading once after Chase filed its initial motion to dismiss.  An appropriate order

follows.

----

[3] As we find that Chase had no duty to investigate under 15 U.S.C. § 1681(s)-2(b), we need not decide whether the FCRA provides a private cause of action for the violation of this duty.

6

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIAM F. KAETZ,** | : | No. 3:05cv1546 |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | |
| **CHASE MANHATTAN BANK, USA,** | : | |
| **CHASE HOME FINANCE LLC.,** | : | |
| **Defendants** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

**AND NOW**, to wit, this 17th day of May 2006, Defendant Chase Manhattan Bank

USA's and Chase Home Finance LLC's Motion to Dismiss (Doc. 13) is **GRANTED**.

Plaintiff's Amended Complaint (Doc. 11) is hereby **DISMISSED** with prejudice.  The Clerk

of Court is directed to **CLOSE** this case.

**BY THE COURT:**

s/ James M. Munley
**JUDGE JAMES M. MUNLEY**
**United States District Court**

7